UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARNELL BROWN,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-913-DRL-JPK

JOHN GALIPEAU *et al.*,

    Defendants.

OPINION AND ORDER

Darnell Brown, a prisoner without a lawyer, is proceeding in this case against Lieutenant Larry Crittendon, Officer Johnathan Stepp, and Sergeant Dawson Patrick "in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about June 20, 2021, by allegedly spraying him with mace and forcing him to sit on the floor covered in mace for 3-4 hours even though he was not being disruptive," and "against Warden John Galipeau in his personal capacity for monetary damages for allegedly ignoring him when he asked to wash the mace off his face and body in violation of the Eighth Amendment[.]" ECF 8 at 8-9. On June 19, 2023, the defendants filed a motion for summary judgment, arguing Mr. Brown did not exhaust his administrative remedies before filing this lawsuit. ECF 15. With the motion, the defendants provided Mr. Brown the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 18. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed almost two months ago, but Mr. Brown has not responded. Therefore the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v.*

*Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF).[1] During the time of the incident alleged in Mr. Brown's complaint, an Offender Grievance Process was in place at WCF. ECF 15-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3; ECF 15-2 at 3. Mr. Brown's grievance records indicate he did not complete any of these steps before filing this lawsuit. ECF 15-1 at 4-5; ECF 15-3; ECF 15-4. Specifically, Mr. Brown's grievance records show he never submitted any grievances while at WCF or at any other facility. *Id.*

Here, because it is undisputed Mr. Brown did not submit any grievance related to his claims in this action, and Mr. Brown provides no evidence his administrative remedies were unavailable, the defendants have met their burden to show Mr. Brown

---

[1] Because Mr. Brown has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

didn't exhaust his available administrative before filing this lawsuit. Summary judgment must be granted pursuant to 42 USC § 1997e(a).

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 15); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Darnell Brown and to close this case.

SO ORDERED.

October 2, 2023                                     *s/ Damon R. Leichty*
                                                    Judge, United States District Court